IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROL EVERHART                        :

   v.                                 :   Civil Action No. DKC 11-2155

                                                :

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY                     :

**MEMORANDUM OPINION**

Presently pending and ready for review in this personal injury case is the motion for leave to file a summary judgment motion submitted by Defendant Washington Metropolitan Area Transit Authority ("WMATA"). (ECF No. 24). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave will be denied.

**I.   Background**

Plaintiff Carol Everhart filed suit against WMATA on June 20, 2011 in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). In her complaint, Everhart alleges that she was injured on or about July 10, 2008, when a WMATA bus driver negligently closed the door on her as she was exiting the bus's rear exit. Plaintiff asserts a single negligence count against WMATA based on these facts, alleging that WMATA – through its employee, the driver – breached its duties to

operate the bus in a safe manner; to refrain from closing the door on boarding and exiting passengers; and to avoid unreasonable injuries to passengers boarding and exiting the bus.

On August 3, 2011, WMATA removed the case to this court pursuant to Md. Code Ann., Transp. § 10-204(81) (ECF No. 1) and answered the complaint (ECF No. 5). On August 5, a scheduling order was entered that, *inter alia*, set a discovery deadline of December 19, 2011, and a pretrial dispositive motions deadline of January 17, 2012. (ECF No. 8, at 2). At the request of the parties, these deadlines were extended on two occasions. (ECF Nos. 14, 16). The final version of the scheduling order set a discovery deadline of May 21, 2012, and a dispositive motions deadline of June 21, 2012. (ECF No. 16).

In May 2012, shortly after the close of discovery, both parties filed status reports stating that they did not intend to file dispositive motions. (ECF Nos. 17 & 18). On July 26 – more than a month after the dispositive motions deadline – WMATA moved for leave to file a motion for summary judgment. (ECF No. 24). Everhart opposed this request. (ECF No. 25). Following a change in counsel and at the request of the court, Everhart's new attorney filed a supplemental opposition to WMATA's motion for leave, reasserting similar arguments. (ECF No. 38). WMATA did not submit a reply in response to either opposition.

2

**II. Analysis**

WMATA contends that it should be granted leave to file a motion for summary judgment because it is entitled to judgment as a matter of law. (ECF no. 24). Specifically, WMATA argues that in order for it to be held liable for Everhart's injuries, she must establish that the bus's automated door safety system malfunctioned or was defective – a task that requires expert testimony. Because Everhart has not designated an expert on this topic, WMATA urges that summary judgment in its favor is warranted. Everhart opposes this request by arguing: (1) that Defendant has not offered any justification that would warrant modifying the scheduling order at this late date; (2) that she would be "severely prejudiced" if she was required to respond to WMATA's proposed motion; and (3) that, in any event, WMATA's proposed motion would fail on its merits. (*See* ECF Nos. 25, 38). Everhart's position is persuasive.

Where, as here, a party seeks leave to file a dispositive motion after the deadline established by the scheduling order has passed, two Federal Rules of Civil Procedure are implicated: 6(b)(1)(B) and 16(b)(4). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 16(b)(4) allows a scheduling order to

be modified "only for good cause and with the judge's consent." Other courts in this Circuit have held that "[t]he good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)." *Richardson v. United States*, No. 5:08-CV-620-D, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010); *see also Neighbors Law Firm, P.C. v. Highland Capital Mgt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (Rule 16(b)(4) governs disposition of a motion for leave to file a summary judgment motion after expiration of the scheduling order's dispositive motions deadline).

"Good cause" under Rule 16(b)(4) is established when the moving party shows that it cannot meet the deadlines in the scheduling order despite diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (Table), 1997 WL 702267 (4th Cir. 1997)). Indeed, although other factors may be considered (*e.g.*, the length of the delay and whether the non-moving party could be prejudiced by the delay), *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768-69 (D.Md. 2010), "the primary consideration . . . in [determin]ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence,"

4

*Reyazuddin v. Montgomery Cnty., Md.*, No. DKC 11-0951, 2012 WL 642838, at *3 (D.Md. Feb. 27, 2012). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995).

Here, WMATA does not offer *any* reason for failing to file a summary judgment motion before the twice-extended dispositive motions deadline. Although Everhart points out this omission in both her original opposition (ECF No. 25 ¶ 5) and her supplemental opposition (ECF No. 38 ¶ 7), WMATA chose not to file a reply. Hence, there is no basis for concluding that WMATA displayed diligence in attempting to meet the dispositive motions deadline. Indeed, the court can only speculate about the reason for WMATA's change in heart about filing a summary judgment motion. On this basis alone, WMATA fails to meet its burden of establishing good cause.

Although WMATA's lack of diligence can end the inquiry, other factors also counsel against modifying the scheduling order at this stage. First, although in certain circumstances an untimely summary judgment motion may be considered in the interests of judicial economy, *see, e.g.*, *Brumback v. Callas Contractors, Inc.*, 913 F.Supp. 929, 934 (D.Md. 1995), it is not

5

clear that allowing WMATA's out-of-time motion would obviate the need for a trial or otherwise expedite resolution of this case.[1] Moreover, an "interests of justice" argument, without more, does

---

[1] As noted, WMATA apparently plans to argue that Everhart's failure to designate an expert to testify about the bus's automated door safety system necessarily precludes her from establishing WMATA's liability. The complaint, however, alleges that Everhart's injuries resulted from the negligent actions of WMATA's bus driver and makes no mention of any purported equipment malfunctions or defects. (*See generally* ECF No. 2). Although the merits of WMATA's proposed argument will not be decided here, a recent personal injury case against WMATA bears mentioning. In *Rheubottom v. Wash. Metro. Area Transit Authority*, Civ. No. PJM 09-485, 2012 WL 5200037, at *1 (Oct. 19, 2012), Judge Messitte considered WMATA's supplemental motion for summary judgment in a case where the plaintiff alleged that he was injured when the doors of a WMATA metro train closed on his hand. In summarizing the procedural history of the case, the court noted that it had previously granted summary judgment in favor of WMATA on the plaintiff's claim of design defect or train malfunction because (1) this theory of negligence requires expert testimony and (2) the plaintiff had not timely designated an expert to testify about the train's mechanical operations. *Id.* at *2. The court then turned to the merits of WMATA's supplemental motion seeking summary judgment on the plaintiff's remaining claim, premised on an alternative theory of negligence – namely, train operator error. Although Judge Messitte observed that his prior ruling precluded the plaintiff from relying on "any evidence of malfunction or design defect" to prove that the train operator's mistake caused his injuries, the plaintiff's failure to designate an expert on the train's mechanical operations apparently was not fatal to his remaining claim. *See id.* Instead, the court held that the plaintiff's operator error theory (*i.e.*, that the train operator caused the doors to shut on the plaintiff's hand by pressing the "Door Close" button immediately after the "Door Open" button) failed because it was unsupported by the evidence in the record and was directly contradicted by the plaintiff's own testimony. *Id.* at *3. For purposes of this case, *Rheubottom* indicates that Everhart's failure to designate an expert to testify about the door safety system would not – as WMATA plans to argue – necessarily entitle Defendant to judgment as a matter of law.

not establish good cause when the movant fails "to explain what circumstances prevented it from filing its motion for summary judgment" by the original deadline. *Neighbors Law Firm*, 2011 WL 238605, at *2. Second, unlike in *Brumback* where the plaintiff did not explain how allowing the defendant's proposed motion would result in any harm, Everhart represents that she would be prejudiced by having to respond to WMATA's proposed motion at this stage. Specifically, Everhart states that WMATA did not produce any "testimony or reports" during discovery about the bus's automated door safety system, which is the primary factual basis for its proposed motion. (ECF No. 25 ¶¶ 8-9). Because discovery has long since closed, Everhart obviously would face prejudice in having to oppose such a motion at this time.

**III. Conclusion**

In sum, WMATA fails to demonstrate good cause for extending the scheduling order's deadline for dispositive motions, and its motion for leave will be denied. A separate Order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge